# United States Court of Appeals
# for the Fifth Circuit

No. 22-30029
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Karen Duhon,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-360-1

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Karen Duhon appeals of the sentence imposed following her guilty-plea conviction for mail fraud. The district court varied upwardly from the guidelines range of imprisonment and sentenced her to 60 months in prison.

_____

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30029

Duhon argues that the district court erred in balancing the 18 U.S.C. § 3553(a) sentencing factors by giving too much consideration to the victim impact statements, given that they presented no new facts, and disregarding the Government's recommendation of a below-guidelines sentence. She also contends that the district court's finding that the offense involved massive theft was based on facts that were "already taken into account by the guidelines." According to Duhon, it was abuse of discretion to vary upwards from "the guidelines range in light of the very substantial mitigating factors," such as her need for ongoing treatment for aggressive breast cancer and her often being "the sole provider for her granddaughters, one of whom has an inoperable brain tumor." While she also asserts that, because the Government recommended a below-guidelines sentence in accordance with the plea agreement, imposing an above-guidelines sentence could have a "'chilling effect' on the plea process," this argument does not extend beyond a conclusory assertion and is deemed abandoned for insufficient briefing. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986); *see also* FED. R. APP. P. 28(a)(8)(A).

This court reviews preserved challenges to the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021). Although the Government argues that we should review Duhon's specific arguments for plain error because they were not presented to the district court, we decline to resolve the appropriate standard of review because Duhon has failed to show that she can prevail under any potentially applicable standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record establishes that the district court gave fact-specific reasons for varying upward and that its reasons were consistent with the 18 U.S.C. § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir.

2

No. 22-30029

2006). The district court could consider factors that were incorporated by the Sentencing Guidelines in deciding that an upward variance was proper. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 809-11 (5th Cir. 2008). The district court was in a superior position to determine the importance of particular facts under § 3553(a), and we must uphold the sentence imposed even if we reasonably could hold that a different sentence was proper. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Furthermore, the record does not show that the district court committed a clear error of judgment in balancing the sentencing factors by incorrectly assuming other family members could care for Duhon's granddaughter or that the Bureau of Prisons could adequately provide post-treatment follow-up care for Duhon's breast cancer. Duhon is not entitled to relief merely because she believes that the § 3553(a) factors would have been equally served by a lesser sentence and that the district court erred in weighing the § 3553(a) factors. *See Gall*, 552 U.S. at 51. Under the totality of the circumstances, the degree of the variance was not so disproportionate so as to overcome the factors that supported its imposition. *See Brantley*, 537 F.3d at 349.

Thus, the district court's judgment is AFFIRMED.

3